COLONIAL ENTERPRISES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108024. Promulgated August 11, 1942.

*John H. Wahl, Jr., Esq.*, and *Robert H. Anderson, Esq.*, for the petitioner.

*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

LEECH: Petitioner contends under issue (a) that the sum of $9,334.90 paid by it in 1936 as interest and so treated on its books and in its return for that year in fact constituted a cost of the bonds purchased. Consequently, it argues that the gain computed for 1937 on the sale of these bonds should be reduced by this amount. We do not agree. The facts stipulated establish that the item in question was interest. The purchase price was fixed and did not include this sum, which was paid as interest on such purchase price and for the period during which petitioner withheld payment.

Under issue (b) petitioner contends that the sum of $3,670.03 paid by the Lynch Corporation as expenditures in connection with the acquisition of Hotel Watson bonds for petitioner should be treated as a part of its cost of the bonds and the profit on their sale in the taxable year correspondingly decreased. This expenditure was not by petitioner but another corporation. No part of it is shown to have been charged to petitioner, nor does the record indicate that it constituted a liability of petitioner to any corporation or individual. No intent that Lynch Corporation should be reimbursed is established. On that record we hold that this expenditure was not a part of the cost of petitioner of the bonds acquired.

The remaining issue (c) involves the deficiency of $3,550 in undistributed profits surtax determined with respect to the sum of $5,000

deposited in 1937 to meet taxes not yet ascertainable in amount when petitioner ceased business and was liquidated. The circumstances are set out in the findings.

Of course, if petitioner distributed all of its assets in complete liquidation during 1937, then it had no undistributed profits at the close of that year upon which the contested surtax could be laid. This would be so whether or not petitioner had a technical existence thereafter. *W. R. Ross*, 43 B. T. A. 1155; reversed on another point, 129 Fed. (2d) 311.

Petitioner contends that the arrangement effected its complete liquidation in 1937 and that no amount was retained from distribution. Had petitioner been on an accrual basis of accounting, no question would arise. The taxes for the current year are shown to have been substantially in excess of $5,000, and the accrual of this amount would thus necessarily be sustained. Petitioner, however, was on a cash basis. It insists, however, that, 1937 being its final year of operation, in which complete liquidation was carried out, accrual of its one remaining liability is proper because otherwise a distortion of income results. It is argued also that such accrual is authorized by section 43 of the Revenue Act of 1936.

It is true that a necessary condition precedent to the application of the cash system of accounting, if income or expense is to be properly and consistently reflected, is that there must be a future year in which expenses incurred in connection with income produced in the current year but not then paid, may be deducted when the expenditure is actually made. In the present case we have an unusual situation. It is the last year of operation. An agreement is effected for the complete liquidation of petitioner and carried out in detail. Every debt is paid except the current taxes which, although to be paid in respect of this year, are not ascertainable in exact amount until after the close of the year. There will be no future year of operation or another item of income or capital against which the payment of the tax liability may be offset when made.

The petitioner admittedly distributed in 1937 all of its assets except the one item of $5,000 in cash. That amount it then set aside, earmarked and placed in trust for payment of the taxes which subsequently exceeded that sum. The stockholders, who were trustees of the fund, have assumed personal liability for the payment of that excess. We think that the deposit in trust of the $5,000 item was a distribution of that amount and thus actually completed the liquidation of petitioner's assets in 1937. On this issue we hold for the petitioner.

*Decision will be entered under Rule 50.*